# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Adam Richard Aho, *sui juris*,

                          Civil Action No.: 23-cv-454-JL-TSM

    Plaintiff,

  v.

Deutsche Bank National Trust Company, as Trustee on behalf of the certificateholders of the HSI Asset Securitization Corporation Trust 2007-NC1 Trust, Mortgage Pass Through Certificates, Series 2007-NC1, a Delaware limited liability company

    Defendant.

---

| | |
|---|---|
| Adam Richard Aho | ) |
| c/o 590 Main Street | ) |
| Rindge, New Hampshire | ) |
| [03461] | ) |
| | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT DEUTSCHE BANK NATIONAL TRUST...

Plaintiff moves this Court for default judgement pursuant to rule 55(b) of the Federal Rules of Civil Procedure and offers the

1

following uncontroverted facts in support of default judgement and requests this Court take Judicial Notice that "excusable neglect" does not apply to Defendant's late filing of their Disclosure Statement nor answer to the complaint pursuant to the Federal Rules of Appellate Procedure, including Rule 4 (a)(5), and Fed. R. Civ. P. Rule 60(b)(1) and 60(c)(1), as the original complaint is not an appeal and of no surprise to Defendant who has opposed Plaintiff in the state courts for many years proceeding this case, regarding the material facts of this case, and was told on multiple occasions in multiple state court filings, to attempt to stay or vacate the eviction order, that he was filing a case regarding these issues in the New Hampshire federal court.

    1.    Fed. R. Civ. P. 55 governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

    2.    Fed. R. Civ. P. 6(b) including 6(b)(1)(a) and 6(b)(1)(b) governs extending time. It states that when an act may or must be

done within a specified time, the court may, **for good cause**, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendant's decision to substitute their attorneys after maintaining the same attorney and law firm while Plaintiff has litigated the issues involved in this case with Defendant for several years – 12 years for Defendant, although some of which involved different opposing parties before Defendant purchased the property – in the state courts and gave notice multiple times on the record in the state courts that he would be filing suit regarding the elements of this case, and Defendant, in the federal court in the District of New Hampshire does not constitute "good cause" or "excusable neglect." In fact, Defendant's actions in asking for an extension have served to delay justice for Plaintiff when the material facts have only further prejudiced Plaintiff by keeping Plaintiff out of his house long enough for Defendant to sell the property again without ever paying Plaintiff his lien and irreparably harming Plaintiff after evicting him from his

home. Plaintiff demands this Court's intervention now to stop Defendant from further perverting justice in this case.

## PROCEDURAL HISTORY

"With respect to a default judgment, '[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.,* Civ. No. ELH 11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011). If the record supports the damages requested, however, then the court may award damages without a hearing. See *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. NKM 09- 0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluded that no evidentiary hearing on damages is needed based on moving party's affidavit and printout submissions establishing amount of damages sought) (citing *DirecTV, Inc. v. Yancey*, Civ. No. 40-0011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that where sufficient evidence exists to support damages, "[a] hearing in open court is not

4

required.")). The type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

The decision to grant or to deny a request for default judgment lies within the sound discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court should consider the following factors when exercising its discretion: (1) the merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. MCCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

At issue here is an Article 2 of the Bill of Rights issue, and pursuant to *New York State Rifle and Pistol Association v. Bruen,* 597 U.S. 1 (2022), all Bill of Rights issues need to be treated equally, and the burden of proof shifts to the state, when a party claims they have been harmed, to prove the party has not been harmed. The Plaintiff in this case is a State National who was evicted from his home when

he could have otherwise been protected by the state Homestead Laws had he submitted to state citizenship. Plaintiff is being discriminated against and unfairly denied access to his home he paid well over double the principal loan amount on due to predatory lending practices, fraud, and the Defendant is now utilizing this Court as venue to further predicate their violations of his right to possess and acquire his property, and enjoy his liberties.

## ARGUMENT

Here, Plaintiff asserts that Defendant owes him 3 times the $750,000.00 Lien, the real property at 590 Main Street Rindge, New Hampshire, costs, interest, and any further allegations laid out in his original complaint.

Because Defendant has failed to answer the Complaint, and because Plaintiff's support for the damages it seeks has not been challenged, I request that this Court grant Plaintiff's request for damages as well as for interest and penalties. I recommend that this Court award Plaintiff damages in the amount of $2,250,000, plus any further accrued interest pursuant to Fed. R. Civ. P. 54(c).

The first factor weighs in favor of default judgement as there is a superfluous amount of case law favoring enforcement of paying the priority creditor first in a claim, and Plaintiff has established his standing as priority creditor in this case with evidence incorporated on the record in his addendum to the original complaint.

The complaint is rather straightforward and concise in that Defendant needs to pay the UCC-1 Lien, referenced in the original complaint ("the Lien"), on the property they claim they purchased, as the Lien was recorded internationally prior to Defendant claiming they purchased the property. This Court has jurisdiction to enforce the Uniform Commercial Code, and evidence of the Lien itself including registration information of it have been provided in the addendum to the complaint. Plaintiff's substantive claims appear facially meritorious and the Complaint is sufficient to support a judgment. Additionally, Plaintiff has stated relevant authority pursuant to which the court may provide relief. The second factor also weighs in favor of default judgment.

The third factor involves a significant amount of money and weighs against a default judgement; see Eitel, 782 F.2d at 1472. However,

the value of the property which was taken from Plaintiff by Defendant has the significant value which amplified the monetary value of the dispute in this case which makes this point moot and tares the value of this factor to null.

The fourth factor weighs astronomically in favor of default judgement as the Defendant evicted Plaintiff from his home in the middle of a cold New England winter, and further prolonging of justice in this case harms Plaintiff and his family by the hands of the Defendant and the Court for extending Plaintiff's homelessness when it has the duty to expeditiously uphold Plaintiff's rights afforded to him in the New Hampshire Bill of Rights including his rights afforded to him in Article 2. Additionally, Defendant appears to bond the case with Plaintiff's vessel without his consent against Title 35 of the US Code.

The arguments Plaintiff asserted in his complaint provided evidence to his claims in the addendum for this Court. Further, the documents provided in the addendum have all been provided to Defendant in the state court proceedings regarding the parties over the last several years. There, of course, could be a dispute regarding material facts which weighs against a default judgement when

considering the fifth factor, but in the communication received from Defendant's counsel, it appears counsel is looking to go on an expedition to find anything they can to dismiss this case instead of having any interest in disputing the material facts in this case. Additionally, a judgement in favor or against Defendant would be disfavorable for Defendant as it regularly conducts business and/or has the habit of being in the position of priority creditor in court disputes. To be clear, though, neither party has disputed any material facts in this case, and the fifth factor weighs in favor of default judgement.

The sixth factor is unlikely due to excusable neglect as Plaintiff has been litigating against Defendant for many years regarding the same and/or similar issue with the same real property involved in the State courts. The Defendant was served with the summons and complaint by the Sheriff, and was notified ahead of time several times in the state court proceedings that Plaintiff would be petitioning the federal court regarding the issues brought forward in the complaint. This factor weighs heavily in favor of default judgement.

The seventh factor weighs in favor of default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this" and Rule 54(c) where Plaintiff requests enforcement of the lien he lawfully filed and recovering his own property which was taken from him in highly contested state court proceedings where fraud was alleged against Defendant who evicted Plaintiff from the property in question. J & J Sports Prods, Inc. v. Concepcion, No. 10- CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011). Thus, the general policy in favor of merits decisions is outweighed by the specific considerations made in this case.

*New York State Rifle and Pistol Association v. Bruen,* 597 U.S. 1 (2022) found that all Bill of Rights cases need to be treated equally and the burden of proof shifts to the state that the state hasn't harmed me when I allege that you have harmed me. I have the right to possess, protect, and acquire property pursuant to Article 2 of the Bill of Rights in the New Hampshire Constitution and Article 9 and 10 of the Constitution of the United States of America and Defendant has utilized the state courts to interfere and violate that right. I am calling on this Court to rectify this situation and charge you not to

enjoin yourselves in the violations against my rights by Ordering and upholding the immediate default judgement in this case.

For all these reasons, Plaintiff requests that the Court grant Plaintiff's motion for default judgment and any and all further relief this Court deems just.

Dated: December 21, 2023      By: *by: Adam Richard Aho* ©

Adam Richard Aho

All Rights Reserved.

Without Prejudice.

Pursuant to Local Rule 55.1(b), a copy of the motion has been mailed to the last known address of the party, their attorney by regular mail, and e-filed with the court.

Dated: December 22, 2023    By: _____

Adam Richard Aho

All Rights Reserved.

Without Prejudice.